IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAY ALLEN DRGAC, § | | |
| TDCJ #721604, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-07-4283 |
| § | | |
| ROBERT TREON, *et al.*, § | | |
| § | | |
| Defendants. § | | |

# **MEMORANDUM AND ORDER**

State inmate Ray Allen Drgac (TDCJ #721604, former TDCJ #273852 & #425130) has filed a complaint under 42 U.S.C. § 1983, in November of 2007, alleging violations of his civil rights. The Court issued summons for all of the defendants on January 10, 2008, and an amended summons for one of the defendants on May 14, 2008. (Docs. # 13, # 16). To date, however, none of the defendants have filed an answer. The State Attorney General's Office has filed an amicus curiae motion to dismiss for lack of service in compliance with Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. # 18). Drgac has not filed a response to the motion and his time to do so has expired.[1] Because the record shows that Drgac has not served the defendants in a timely manner, the Court grants the motion and dismisses this case for reasons set forth briefly below.

---

[1] *See* Orders (Docs. # 13, # 16) (giving the plaintiff thirty days to respond to any dispositive motion filed in this case).

**I.     DISCUSSION**

Drgac is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ") at the Ellis Unit in Huntsville, Texas. Drgac filed his complaint on November 7, 2007, alleging violations of his civil rights by Ellis Unit Warden Robert Treon, Building Major B.J. Reeves, and Grievance Investigator Kevin Mayfield.[2] In that complaint, Drgac alleges that the noise level in his dorm was too loud and that the day room television sets have damaged his ability to hear. Drgac claims that he asked the defendants to remove the speakers from the television sets, or to excuse him from having to spend any time in the day room, but that they ignored his complaints.

Rule 4(m) of the Federal Rules of Civil Procedure requires opposing parties to be served within 120 days after the filing of the complaint. After reviewing the complaint, the Court issued summons for all of the defendants on January 10, 2008, and an amended summons for Major Reeves on May 14, 2008. (Docs. # 13, # 16). More than 120 days has expired since the Court issued these summons, but the record reflects that none of the defendants have answered or otherwise appeared in this case to date. Thus, it appears that the plaintiff has failed to effect proper service of process within the time allowed by Rule 4(m).

A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua*

---

[2]   The complaint was filed initially in the United States District Court for the Eastern District of Texas, Lufkin Division. (Doc. # 1). The case was transferred to the Southern District of Texas, Houston Division, where it was received on December 12, 2007. (Doc. # 5).

*sponte*, for failure to timely serve the defendants under Rule 4(m). *See Lindsey v. United States R.R. Retirement Bd.*, 101 F.3d 444, 446 (5th Cir. 1996). In the order issuing summons on January 10, 2008, and the amended order issued on May 14, 2008, this Court reminded the plaintiff that service of process was his responsibility.[3] (Docs. # 13, # 16). In this instance, the Attorney General's Office has filed an amicus curiae motion to dismiss for lack of service unless the plaintiff presents proof of service or shows good cause for his failure to comply with Rule 4(m). (Doc. # 18). Drgac has not filed a response to the motion and he has not presented the requisite proof of service. Likewise, Drgac has not requested additional time to serve the defendants or demonstrated good cause for his failure to serve the defendants in a timely manner. A plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules. *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). Accordingly, the Court concludes that this case must be dismissed for the plaintiff's failure to comply with Rule 4(m).

Alternatively, because the plaintiff did not file any response to the motion to dismiss, his failure to pursue this action forces the Court to conclude that he lacks due diligence.[4] Therefore, under the inherent powers necessarily vested in a district court to manage its own

---

[3] The plaintiff has paid the full filing fee and does not proceed *in forma pauperis*. Only a litigant proceeding as a pauper under 28 U.S.C. § 1915 is unconditionally entitled to the appointment of a deputy United States Marshal to effectuate service of process. FED. R. CIV. P. 4(c)(2).

[4] In two previous orders, Drgac was instructed to respond to any dispositive motion within thirty days and he was advised that any failure to respond could result in dismissal for want of prosecution. (Docs. # 13, # 16).

affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *see also Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may dismiss an action *sua sponte* for failure to prosecute or to comply with any court order). The plaintiff is advised, however, that upon a proper showing, relief from this order may be granted in accordance with Rule 60(b) of the Federal Rules of Civil Procedure.

## II.   CONCLUSION AND ORDER

Accordingly, based on the foregoing, the Court **ORDERS** as follows:

1. The Attorney General's motion to dismiss (Doc. # 18) is **GRANTED** and this case is **DISMISSED** without prejudice for failure to timely serve the defendants in compliance with Rule 4(m).

2. Alternatively, this action is **DISMISSED** without prejudice for want of prosecution.

The Clerk's Office will provide a copy of this order to the parties.

SIGNED at Houston, Texas on October 27th , 2008.

_____
Nancy F. Atlas
United States District Judge